(340) After the evidence had closed and the arguments of counsel commenced, the plaintiff's counsel moved to amend the declaration by adding a count for the trespass to the personal property in taking *Page 271 
the loom and other articles. This motion was objected to by the opposite counsel and rejected by the court.
It was insisted for the defendants that Meredith had made out a title in severalty; but that if he had failed in that, and was but a tenant in common with the plaintiff, he and the other defendants acting under his authority, had a right to enter, and that the plaintiff could not maintain this action. The plaintiff insisted that being a tenant in common and in possession he could maintain this action against a cotenant who entered in the manner proven.
His Honor charged the jury that whether Meredith had the title to the land in severalty or only in common with the plaintiff, the latter could not recover in this action. There was a verdict and judgment for the defendants, and the plaintiff appealed.
We are of the opinion that the charge of the judge was correct. The possession of one tenant in common is the possession of the other; each has a right to enter upon the land and enjoy it jointly with the others. If one tenant in common destroys houses, trees, or does any act amounting to waste or destruction in woods or other such property, the other tenant may have an action on the case against him. But he never can, in any event, have an action of trespass quare clausum fregit against his co-tenant. Co. Lit., 200; 1 Thomas Co. Lit., 785; 1 Chitty's Gen. Prac., 271. The other defendants were not trespassers, as they entered and acted by the direction of Meredith.
The rejection by the court of the plaintiff's motion to amend the declaration was a matter in the discretion of the judge, and it is not a ground of appeal to this Court. It may be proper to remark that as no objections were taken at the trial to the sufficiency of the (341) pleas, we understand the note of the plea of liberum tenementum
(afterwards to be drawn out in full) to mean that the locus in quo
was the freehold of Meredith, and that Causey entered with him and under his authority. We think the judgment must be affirmed.
PER CURIAM. Judgment affirmed.
Cited: Bond v. Hilton, 44 N.C. 309; S. v. Swepson, 84 N.C. 828. *Page 272