*Bennington*
Jul} .
1514.

VICKERY *vs* TAFT.

If A, draw logs to the saw mill of B, to be sawed on shares, and B, saw them and sell the whole of the boards, he is guilty of a *tort*, and an action of trover will lie in favor of A, against B, for his share of the boards.

THIS was an action of trover for a quantity of boards. On trial at the last term, it appeared that Vickery had drawn a quantity of logs to Taft's saw mill, which Taft agreed to saw into boards, and either receive pay for sawing them, or to saw them for the customary share—one half of the boards.—That Taft had sawed the logs, and sold the whole of the boards, and received the pay for them.

The defendant's counsel, insisted that the action of trover would not lie in this case; for that, Vickery and Taft were tenants in common of the boards—that each had a right to sell the whole, and was liable only to account with the other for his share.

The Court overruled the objection, but, at the instance of the defendant's counsel, reserved the question, and a verdict was taken for the plaintiff. A motion for a *non suit* was now made on the case reserved.

*Young*, for the defendant, contended, that the plaintiff and defendant were tenants in common of the boards, when sawed; and one tenant in common of a chattel can make a valid sale, which could not be were the sale a tort. If such sale be a tort, the other tenant in comman, may maintain an action of trover; not only against the seller, but against the purchaser, which is not the case. Each has a right to sell, as is every day's practice in partnership concerns; Bul. N. 34, and in the case of joint owners of a ship, 2 Esp. Dig. 586.

*Langdon*, for the plaintiff, insisted that the plaintiff and defendant, were not joint owners of the boards. If Taft was to be paid for sawing, he might have a lien on the boards for his pay, if he was to have one half for sawing, he could have no right to sell the other half. If one tenant in common of a chattel, sell or destroy it, trover lies, Bul. N. 34. Trover will not lie against the purchaser, but it will lie against the seller, for the property of the other part owner.

The opinion of the Court was delivered by

31.

*Bennington
July.
1814.*

Vickery
vs.
Taft.

CHIPMAN, C. J.   Where goods in partnership are intended for sale, in which consists the profits of the concern, a sale by one partner is, not only, as it relates to the purchaser, but as it relates to the partners between themselves, the joint act of all the partners. To consider such act of the seller of partnership property, as a tort, would be to embarrass, if not defeat the very intention of the partnership—profit by sale.   The other partners have a right to their share of the price only.

Where personal property is kept by partners for profit in the use only, as in the case of tools, implements and machinery, in carrying on a Manufactory in partnership, the sale of such tools, implements, or machinery, by one partner, may, by the other partners be treated as a tort, if made without their consent or approbation, although the sale may be considered as good to the purchaser against all.

The present, however is a case different from either of the above cases.   In this case, the defendant cannot be considered as a partner, or, in any sense, a joint owner of the property.   From the evidence in this case, it appears that the plaintiff had his option, either to pay the defendant for sawing the logs into boards, or permit him to take one half the boards—the customary share for sawing.   After the sawing, the defendant had, at most, only a lien on the boards for the price of sawing, or for the usual share of the boards.   It seems that the plaintiff had not made his option, nor had he been called upon, to make his option, whether he would pay for sawing or give the defendant one half of the boards.   As the property was divisible, without loss or injury, the defendant might have made a fair division, and sold his half of the boards as his own.   But, instead of this, he sold the whole of the boards as his own ; in this he was guilty of a tort, and the action of trover well lies.

In assessing damages, the jury deducted the price of sawing from the value of the boards.   This is the justice of the case.

The verdict must stand.