## SCHUYLER G. GATES v. ORRIN LOCKWOOD.

*Tenants in common. Account. Book account. Demand.*

The claim of a tenant in common upon his cotenant, for having received more than his share of the property in which they have a common interest, may under the act relating to the action of account (Laws of 1852, p. 9.*) be tried and adjusted in the action of book account.

To enable the tenant in common to recover of his cotenant in such a case, a demand must be shown. But where the claim constitutes but one of several items in the account, and the whole action does not depend upon it, a demand after the commencement of the suit, but before the time of auditing, will be sufficient.

BOOK ACCOUNT. The auditor reported a balance of twenty-five cents in favor of the plaintiff; and in reference to item No. 7, in the defendant's account which was a charge "for pickles, $1.50," he reported specially "that the defendant had a quantity of cucumbers, and "that by an agreement between the parties, the plaintiff was to "take said cucumbers to his place of residence and pickle them, "and therefor was to have one-half of the pickles, and the defen- "dant was to have the other half; that the plaintiff did take and "pickle the cucumbers; that the defendant never received one-half "of the pickles, and that he demanded the same of the plaintiff; "but whether such demand was made before or after the com-

*For provisions of this act see *ante* p. 237, note.

" mencement of the suit, did not appear; that-one half of the pick-
" les were worth the sum of one dollar," and that he disallowed
said item.

The county court, March Term, 1854, — PIERPOINT, J., pre-
siding, — accepted the report, and rendered judgment thereon for
the plaintiff, to which the defendant excepted.

*D. E. Nicholson,* for the defendant.

The one dollar pickle item in the defendant's account should be
allowed. The demand was seasonable as it was prior to the trial,
and there is no legal objection to adjusting the item in this action.
No. 11 of the Laws of 1852, p. 9. Comp. Stat. 290, § 9. *Rog-
ers* v. *Miller,* 15 Vt. 431.

*E. Fisher, Jr.,* for the plaintiff.

The item for the pickles is not a proper book charge. If the
defendant has a remedy, his proper action is trover. *Vickery* v. *Taft,*
1 D. Chip. 241. The action of book account cannot be sustained.
*Albee* v. *Fairbanks,* 10 Vt. 314. *McCrillis* v. *Banks,* 19 Vt. 442.
*Carpenter* v. *Dole,* 13 Vt. 578. *Bundy* v. *Ayer,* 18 Vt. 497.

The opinion of the court was delivered by

REDFIELD, CH. J. The pickles seem to have been made by the
plaintiff from defendant's cucumbers, and this, by the contract, was
to give the parties an equal and common interest, or property in
the manufactured article. It is not found that plaintiff had con-
sumed or destroyed them, which would be necessary to enable the
defendant to maintain trover for his share of them. 1 Chit. Pl.
157, 172–2–3–4, 181–2. The case of *Vickery* v. *Taft,* 1 D. Chip.
241, has been regarded as a sound case only upon its peculiar facts.
There the defendant had no absolute, definitely vested interest, as
tenant in common. The plaintiff had an election to pay the money,
if he chose, for the sawing. His selling the boards was a naked
wrong then, and of course trover would lie.

But under our statute, certainly, if not at common law, it must
be considered, that one tenant in common may sustain an action
of account against his cotenant, " for receiving more than his just
proportion of any estate or interest." Rev. Stat. Ch. 36, § 1. This
rule and construction of the statute is distinctly recognized in regard

to property very similarly situated to the present, in *Albee* v. *Fairbanks*, 10 Vt. 314 ; and has been repeatedly recognized in later cases, whereby items in the account, in an action on book, have been rejected, under circumstances like the present, where, in consequence, the balance has been changed, which, as it would seem, led to the statute of 1852, p. 9, No. 11, which provides, that such items " may be tried and adjusted in the action of book account." It would seem, therefore, that the statute has removed all objection on the ground of the form of action.

A demand would, no doubt, be necessary to be shown to entitle the defendant to recover, but we do not see why it is necessary to show such demand to have been made before suit brought, as would be the case if the whole action depended upon this item, as was held in *Chadwick* v. *Divol*, 12 Vt. 499.

But both in general account, and in account or book account, the auditor is required to adjust the accounts of the parties up to the time of auditing. And under this statute it has been held that if any of the items were due before suit brought those items falling due subsequent thereto must be included in the adjustment by the auditor, although these subsequent items affect or determine the alternate balances either way. The demand found then would be sufficient ; and

Judgment is reversed, and judgment on report for defendant to recover seventy-five cents and his costs.