Thrall, apt. *v.* Lathrop.

---

REUBEN R. THRALL, *appellant, v.* HENRY F. LATHROP.

*Estoppel.    Trover.    Damages.*

No party is estopped by an admission made in ignorance of his rights, induced by an innocent mistake of material facts.

If a person in possession of property belonging to another, pledge it without authority from the owner, it amounts to a conversion, and the pledgee is liable to the owner in trover, whether he was aware of the real state of the title or not, and the rule of damages is the value of the property at the time of the pledge, with interest.

APPEAL from the judgment of a justice of the peace. The action was trover for a heifer. The case was referred, and from the report of the referee the following facts appeared. On the first of May, 1849, the plaintiff let one Thomas Perkins have a cow, to be kept for one year, in good order, and then to be returned, either forward with calf, or with the calf by her side, and for the use of the cow, Perkins was to pay the plaintiff five dollars at the expiration of the year. In August, 1849, Perkins was released by

the plaintiff from the contract, and Alvah Preston was substituted in his stead, who took the cow and paid the plaintinff the stipulated sum for the use of her.

Before the expiration of the year, the cow had a calf, while in the possession of Preston, which was the heifer in controversy. The cow and calf remained in the possession of Preston until about the first of October, 1851, under an agreement that Preston was to keep the calf, for the use of the cow.

The cow was then returned to the plaintiff, but the calf remained in the possession of Preston until September, 1854, who claimed to own her. In the spring of 1853 Preston borrowed of the defendant ten dollars, and gave him a bill of sale of the heifer in dispute, and upon Preston's failure to pay the loan, the defendant took possession of her and claimed to hold her under that title. The heifer was worth seventeen dollars when she was thus taken by the defendant, and she was kept by him until November, 1854, when he sold her for twenty-five dollars. It also appeared that in the spring of 1853, Preston borrowed of the plaintiff five dollars, and gave to him, also, a bill of sale of the same heifer; but the plaintiff did not know that the heifer was the one in controversy. The plaintiff did not take possession of the heifer, and she remained in the possession of Preston, until taken by the defendant, after which the plaintiff informed him that the heifer was his property. When inquired of by the defendant at that time, by what title he claimed the heifer, the plaintiff informed him that he claimed her by his bill of sale; but the referees found that the heifer in question was the one which came from the plaintiff's cow, that he was the owner of the calf when it was born, and that there was no evidence that he ever sold the calf to Preston. Before the defendant took the heifer into his possession, he was informed by Preston that the plaintiff had a bill of sale of her to secure five dollars, but that the five dollars had been paid, and that the plaintiff retained the bill of sale and would not give it up. The payment to the plaintiff of this loan of five dollars was proved on trial. It appeared, also, that the defendant acted upon such information received of Preston, at the time he took the heifer into his possession.

The county court, at the September Term, 1857,—KITTREDGE, J., presiding,—rendered judgment for the plaintiff for twenty-five

dollars and interest from the time the defendant sold the heifer. Exceptions by the defendant.

*E. Edgerton*, for the defendant.

The possesion and *apparent* ownership of the heifer in question, was never in the plaintiff. It was continued in Preston from its birth to the time the defendant took possession. It was claimed and treated by Preston as his own. The plaintiff also treated it as Preston's, by taking a bill of sale and claiming a title solely under that. Notice of this was given to the defendant, both by the plaintiff and by Preston, and on this fact he relied. There-fore, the plaintiff is estopped from asserting another and different right.

The plaintiff, *pro se.*

The report does not show that the plaintiff knew that Preston had practiced any fraud upon him, until after his interview with the defendant. Up to that time he supposed the heifer pledged to him was really the heifer of Preston.

The opinion of the court was delivered by

REDFIELD, Ch. J. We understand that the plaintiff is proved in this case to have been the original owner of the animal in ques-tion, and never to have parted with his title. Is there any thing in the case, then, which will estop him from now asserting his title against the defendant. This is claimed upon the ground that he did not assert any claim to the animal except upon a bill of sale, for the security of five dollars, which was shown upon the trial to have been paid, and that the defendant has acted upon the belief of the truth of this being the plaintiff's only claim of title, and will now suffer serious injury if the plaintiff is allowed to set up a new ground of claim not before disclosed.

There would be great force in this, if it appeared in the case that the plaintiff, at the time he was inquired of by the defendant in regard to the nature of his claim to the animal, knew that it was the same animal which it ultimately proved to be. But this does not appear. And it is stated in the report of the referees, that at the time the plaintiff took his bill of sale he supposed it to be a

Thrall, apt. *v.* Lathrop.

different animal. The natural presumption is, perhaps, that the plaintiff was laboring under the same delusion, when inquired of by the defendant as to his ground of claim or the nature of his title. We certainly could not presume the contrary, against the judgment of the county court. And no party is estopped by an admission made in ignorance of his rights, induced by an innocent mistake of facts in material points. We think, therefore, the plaintiff is not precluded by anything in the case, from setting up his title, as against the defendant.

But in regard to the amount of the recovery, the defendant is only liable for the value of the property at the time of conversion, and interest after. There can be no doubt that the pledge of the animal by Preston to the defendant, under the state of the title disclosed at the trial, was a conversion of the property, both in Preston and the defendant, whether the defendant was aware of the facts or not. The defendant can only stand upon the title of his vendor, and his ignorance of the nature of that title will not enlarge his title. This is substantially dicided in *Swift* v. *Mosely,* 10 Vt. 208. The plaintiff is therefore only entitled to recover the smaller sum reported.

Judgment reversed, and judgment for the plaintiff for the smaller sum reported, and interest from the date of the report.