RICHARD POTTER *v.* W. L. MARDRE, and others.

If a person bestows his labor upon the property of another, thereby changing it into another species of article, (as if corn be made into whiskey, &c.,) the property is changed, and the owner of the original material cannot recover the article in its altered condition; but is only entitled to its value in the shape in which it was taken from him.

In an action for the claim and delivery of personal property, the issuing of a summons is necessary to give the Clerk jurisdiction to make the order to the sheriff, requiring him to take such property and deliver the same to the plaintiff, and an order to that effect without such summons, is no justification to the sheriff or the defendant for any action in the premises.

(*Bennett* v. *Thmompson*, 13 Ired. 146; and *Albea* v. *Griffin*, 2 Dev. & Bat. Eq. 9, cited and approved.)

This was a CIVIL ACTION, tried before his Honor Judge *Eure*, at Spring Term, 1875, of the Superior Court of PERQUIMANS county.

The following statement of the case accompanies the record sent up to this Court:

The plaintiff's wife is the owner of a life estate in right of dower in a tract of land in the county of Perquimans, and the plaintiff is, and has been, in possession of the same for many years.

The defendants own the reversion in said land after the termination of the life estate of the plaintiff's wife.

In 1873, the plaintiff cut down two trees on said land, and used the timber therefrom, partly to build a boat or canoe for fishing, and partly to make shingles for repairing the houses on the farm. Shortly thereafter the defendants made demand for the canoe, which being refused, they commenced an action "for the claim and delivery of personal property" for the same. Under the proper process issued from the Superior Court in said action, they went upon the premises of the

plaintiff with the sheriff of the county, who took the canoe out of the plaintiff's possession and delivered it to the defendants, who carried it away and still have it in their possession.

The defendant in that action, Potter, did not replevy or offer to replevy the canoe. No copy of a summons or other paper or process was then, or at any time, left with Potter. No record of the action was made in the Superior Court, and there was no appearance of either plaintiffs or defendant in that action, nor any judgment demanded or rendered in the same. The only return made in the action was of the original affidavit and order of the Clerk, with the following endorsement by the Sheriff:

. Executed July 22d, 1873, by taking one boat or canoe from Mr. Potter and delivering to Mardre. Sheriff's fee $1.00, paid by the plaintiff.

(Signed.)                                        H. WHITE, Sheriff.

There was no farther prosecution of the action by the plaintiff, Mardre.

The plaintiff in this action claims five hundred dollars damages against the defendants for the trespass committed by them in entering the plaintiff's premises and taking the canoe.

The plaintiff proved his title and possession of the *locus in quo*, and the taking of the canoe by the Sheriff and the defendants. Also that the location of his land was valuable and convenient for fishing purposes, and that in consequence of his canoe being taken from him he was much hindered and damaged in fishing during the Spring of 1873.

The defendants offered to prove that the taking of the canoe was under " due process in said action for claim and delivery."

The plaintiff objected, on the ground that the defendants had abandoned that action, and should not be allowed to protect themselves under any process issued in it. His Honor overruled the objection and admitted the evidence.

The plaintiff requested the court to charge the jury, that if they believed the defendants did so take the property, they were trespassers, and they must find for the plaintiff; and that if they believed the defendants used the power of the court to accomplish a wanton trespass on the property of the plaintiff, and afterwards failed to prosecute their action to judgment, they would be justified in giving a verdict against the defendants for vindictive damages.

The court refused to give the instruction, and charged the jury, that there was no evidence of such wanton abuse of the process of the court, and that the plaintiff had no right to apply the timber on the land to building boats, and that the defendants, as reversioners, were entitled to the trees after they were cut for that purpose.

The plaintiff then asked the court to charge the jury that even if defendants were entitled to the trees, that they were not entitled to the canoe, after the trees were worked up as such, and if the plaintiff committed a wrong in cutting the trees, the defendants' remedy was not "claim and delivery of personal property," but a civil action for waste.

The court refused so to charge, but instructed the jury that the defendants had a right to the canoe, and to recover it in such action.

Under these instructions the jury rendered a verdict for the defendants. Motion for a new trial; motion refused. Judgment for defendants and appeal by plaintiff.

*Gilliam & Pruden*, for the appellant.
No counsel, *contra*, in this court.

RODMAN, J. 1. The plaintiff had a right to cut trees for the necessary repair of the farm buildings, but none to cut trees for building a boat to be used for fishing. When the trees were felled, the property in them vested at once in the reversioners, who could have maintained trover, or by our

statute replevin, for the timber, and could have recovered for so much as the plaintiff could not show that he had applied, or was about to apply, to a lawful purpose, such as the repair of the buildings, &c. These propositions were resolved in *Bowles' case*, 11 Rep., 79, and have been recognized as law ever since.

2. It does not follow, however, that the reversioner could maintain trover or replevin for the canoe which was made from the trees.

It is not necessary to decide this question at this time; but it is proper to do so, because, as under our opinion, there must be a new trial, and the plaintiff on the present state of facts, is entitled to recover, the question as to the measure of damages will then necessarily arise. On the question stated, there is a discord between the authorities that cannot be reconciled. The most important of them will be found in 2 Kent. Com., 361; Sedgwick on Dam., 483, and in the very recent case of *Heard* v. *James*, 49 Miss., 236. It is unnecessary further to refer to them. We are not aware of any decision in this State directly in point.

It seems to be generally agreed that if the person who bestows his labor on the property of another, thereby changes it into another species of article, as if corn be made into whiskey, or silver coin into a cup, or timber into a house, the property is changed, and the owner of the original material cannot recover the article in its altered condition, but must content himself with the value of the article in the shape in which it was taken from him. In the civil law it is said that the property is changed whenever the species is so far changed that it cannot be reduced to its former rude materials—examples of which are when timber is made into a bench, or chest, or ship. The common law differed from this, and it was held that so long as the owner of the original materials could identify them, he could follow them into the manufactured article,

as if leather be made into shoes, or cloth into a coat, or a tree be squared into timber.

In some of the decided cases much weight seems to be given to the fact whether the manufacturer was a conscious and wilful trespasser, or took possession of the raw material in good faith and under an honest mistake as to the title.

Sometimes the decision as to the measure of damages is made to turn on the form of the action, as whether in trespass for entering on plaintiff's land and cutting and carrying away timber, which defendant afterwards manufactured; or in trover for the conversion of the manufactured article, or in replevin for its possession in specie, as in the case cited from Mississippi.

We think that most of the American cases hold that when the alteration of the timber taken by a trespasser has gone no farther than its change into boards, or shingles, or staves, the owner of the timber may follow his property into the manufactured article, add recover its value in that shape. But we have found no case where the change of species was greater than that. Such we think was the current of American decision prior to 1851, when the case of *Bennett* v. *Thompson,* 13 Ire. 146, which will hereafter be noticed, was decided.

In this conflict of opinions, which when united we are accustomed to consider authority, we can only adopt that rule which seems most reasonable. In our opinion the equitable rule is that stated from the civil law. The property is changed by a change made in its species or substantial form, if made by one who was acting in good faith and under an honest belief that the title was in him.

This doctrine is not based on the idea that a trespasser, although he may act under an honest but mistaken belief in his own title, can lawfully transfer the property in timber from the owner to himself by changing it into some more valuable species; but on the idea that the trespasser by so doing destroys the original article, as if he had burned it, and

is responsible to the owner as if he had burned it : and on the idea that the principle adopted is more likely to do justice to the parties concerned than any other.

By this rule the owner of the original material will recover the value of his material which is the extent of his loss, with such additions as a jury may think proper to make if the taking or conversion was wilful, or attended by circumstances of aggravation. Whereas, if the owner of the materials could always follow them, however much their value might have been enhanced by the labor of the manufacturer, it would lead to results unjust and even absurd. For example, if the owner of the trees can recover the staves made from them, why not the casks made from the staves; and if in replevin he can recover the planks, why not the ship built with the planks, &c.

This principle of equity is supported by the analogy of the rule established in this State by the decisions, which hold that a vendee of land by a parol contract of sale who takes possession and makes improvements, and is afterwards ejected by the vendor, may recover the value of his improvements. *Albea* v. *Griffin,* 2 Dev. and Bat. Eq. 9. So if one who has purchased land from another not having title, enters and improves, believing his title good, and is ejected by the rightful owner, he is entitled to compensation.

In both these cases, one who is morally innocent has confused his property with that of another, and he is held entitled to separate it in the only way it can be done, viz : by being allowed the value of his improvements in the raw material. The case of *Bennett* v. *Thompson, ubi. supra,* was an action of trespass for entering on plaintiff's land and felling timber which was afterwards converted into boards and shingles. This court held that the measure of damages was the value of the trees when felled, and not the value of the manufactured article. This case does not profess to go upon the form of the action. There is no reason except technical ones, why greater damages should be allowed in trover than trespass. The

injury is the same whatever may ·be the form of action, and it would seem to have been the opinion of the court, that the plaintiff could not follow the material in its manufactured condition.

Upon the principle stated, we are of opinion that although the defendant might have maintained trover for the conversion of the trees, he had no · property in the canoe, and was not entitled to maintain replevin or its substitute, process of claim and delivery for it. Our· opinion on this point, however, will only affect the question of damages on a future trial.

3. If the defendant obtained possession of the canoe under regular process of a court having jurisdiction, he can maintain his plea of justification, notwithstanding his want of title, and although he could not have recovered in the action.

The case agreed· states that defendant went upon plaintiff's land with the sheriff and took the canoe after having " commenced an action for the claim and delivery of personal property for the canoe, under the proper process issued from the Superior Court of said county in said action." The action, if ever commenced, was afterwards abandoned, and the only paper found on record is the affidavit of the defendant, the Clerk's order to the Sheriff, under sec. 178 of C. C. P., and the return of the Sheriff. endorsed thereon, that he had delivered the canoe to the plaintiff in that action, who is the defendant in this. The case further states that "no copy of a summons or other paper or process was then, or at any time, left with Potter," (the present plaintiff.") It does not appear that any summons was ever issued. We are of opinion that under sec. 176 of C. C. P., the issuing of a summons was necessary to give the Clerk jurisdiction to make the order to the Sheriff, requiring him to take the property and to deliver the same to the plaintiff in that action. And such summons ought to have been served on the present plaintiff, (the defendant,) if possible, at or before the taking of the property. We do not say that such service was necessary to give the Clerk jurisdiction,

but the issuing of the summons was.   The order of the Clerk was no justification to the present defendant.

4.  We concur with the Judge below, that there was no evidence to warrant the jury in giving vindictive damages.   The damages to which the plaintiff is entitled are the injury to his land, which seems to have been only nominal, and the value of the canoe, from which the defendant is entitled to deduct or recoup, by way of counterclaim, the value of the timber which was manufactured into the canoe, just after it was felled, and converted into a chattel.

Let this opinion be certified.

PER CURIAM.    Judgment reversed and *venire de novo.*