## THE CITIZENS' LOAN ASSOCIATION OF THE CITY OF NEWARK v. THOMAS NUGENT AND OTHERS.

A bond stipulating for the good conduct of an officer holding office for a fixed term, and until "another" officer be appointed, will not remain in force after the re-appointment of such original officer, the term "another" in this case not meaning another person.

Suit on treasurer's bond. The condition, as shown in the declaration, stipulated for the good behavior of the officer "until the said association, or the directors thereof, should elect another treasurer." The plea which was demurred to, averred that the said treasurer's office was an annual office, and that Nugent, at the time the bond was given, had been elected to such office for one year, showing the beginning and ending of such term; and that he was re-elected in the succeeding year. The plea then alleged performance during the first year. This plea was demurred to.

For the demurrant, *F. W. Stevens.*

For the defendants, *John P. Jackson.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The principles adopted and approved of in the case of Mayor, &c., of Rahway *v.* Crowell, decided this term, lead, inevitably, I think, to the decision of the question involved in this controversy, in favor of the defendants. In the case referred to, it is shown that

all the decisions on this subject proceed upon the basis that it is the admitted rule that the sureties on an official bond of an officer, whose appointment is annual, will not be bound for delinquencies committed after the first year, although such officer be continued in his position, and although the obligation in the condition is for the good behavior of the officer, without restriction as to time.

That this is the established principle of the adjudications, was properly admitted by the counsel who argued this case in behalf of the plaintiff, the only effort that was made being to establish a distinction between the present case and those constituting the class embraced in these judicial determinations. The alleged dissimilarity consisted in a supposed specific stipulation, contained in the bond now sued on, to the effect that the obligation should extend beyond the year embraced in the first appointment. As such an engagement would be altogether legal, the only question that can arise is whether the words used, in their application to the facts to which they relate, carry such a force. This is the language of the condition : that "if the said Thomas Nugent should well and truly, faithfully and impartially, do, execute and perform all the duties required of him by the constitution and by-laws of said association, as such treasurer as aforesaid, &c., *until the said association, or the directors thereof, should elect another treasurer,* then," &c. ; and from this it is claimed that the purpose was to create an obligation for the good conduct of the officer as long as he should be retained in his post. The re-election of himself, it was argued, was not the election of another treasurer, within the meaning of this clause of the instrument.

But it is to be borne in mind, in endeavoring to elicit from this phrase its true sense, that it is completely settled that a contract of this kind will not be extended against the surety beyond the official term to which it primarily relates, except from the urgency of a plain expression of such an intent. Such is the often repeated declaration of the authorities, and the doctrine is stated in *Ludlow* v. *Simond* 2 *Caines' Cases in*

*Error* 1, by Chancellor Kent, with much emphasis, in the following terms: " It is a well-settled rule, both at law and in equity, that a surety is not to be held beyond the precise terms of his contract. This rule is founded on the most cogent and salutary principles of public policy and justice. In the complicated transactions of civil life, the aid of one friend to another, in the character of surety or bail, becomes requisite at every step. Without these constant acts of mutual kindness and assistance, the course of business and commerce would be prodigiously impeded and disturbed. It becomes, then, excessively important to have the rule established, that a surety is never to be implicated beyond his specific engagement."

In view, then, of this maxim of construction, the inquiry is whether the expressions in question are so plain that the purpose to create the broad responsibility which is charged by the plaintiff is to be attributed to these obligors? In other words, is it clear that the expression that the officer was to hold until the association " should elect another treasurer," meant that the term should continue until another person, in contradistinction to the existing incumbent, should be put into the office? The language is manifestly ambiguous, for it may refer to a change either in the person or in the official, for a man who is re-elected to an office may be truly said to have changed his official personality. Such a person, with respect to his position, is another officer, and it is in this sense that a man is sometimes said, in these cases, to be his own successor. This view seems to be justified by the observations, on a kindred subject, of Chief Justice Shaw, in the case of the *Amherst Bank* v. *Root et al.*, 2 *Metc.* 536, and which are expressed in the terms following : " Or where a bond is given for the faithful performance of the duties of an office that is, by the law or usage by which it is created, limited to the term of one year, such bond is available only as security against violations of duty happening within that year. This results from the subject matter. Such office, *ex vi termini*, means a retainer or engagement for one year, and must then expire.

If there be a *re-election, it is in fact to another, and not the same office;* such as the offices of treasurers of the state, counties, towns, and the like, where the office is created by law, and by the same law made annual." If the office, when it runs into a new term, may be said to be "another, and not the same," it does not seem a strained or far-fetched exposition to deduce from the facts of the present case that, within the meaning of the statutory clause above quoted, "another treasurer" was chosen at each successive annual election, whether the old incumbent was re-chosen or another person was put in his place.    In the case of *Welch* v. *Seymour,* 28 *Conn.* 387, the words of the statute were: "The said officers shall continue in office until the next annual election, and until *others* are elected in their stead;" and it was adjudged that the word "others" did not necessarily mean different persons.    See, also, *Commissioners* v. *Greenwood,* 1 *Dessau.* 452.    The natural and reasonable supposition is, that when a man goes surety for the good conduct of a person elected to an office for a definite term, he intends to stand bound for that term alone, and words conspicuously plain should be required to carry over such obligation to an indeterminate period, possibly extending over the entire lifetime of the official.    I know of no case in which such an amplitude of responsibility has been thrown upon a surety, except when the terms of the obligation would admit of no other result.    In the present instance, I do not find in the language above cited any such imperative force.

The defendants are entitled to judgment in their favor.