## REUBEN A. TILDEN *v.* JACKSON D. JOHNSON.

*Trover.   Measure of Damages.   Apportionment of Costs.   Sts.*
1878, *No.* 40.

In trespass and trover for a quantity of logs it was *held* that, in the circumstances, the measure of damages was the value of the logs in the woods whence they were taken, and not at the mill where they were taken to be sawed.

A case that had been heard by a justice of the peace and appealed but not entered on the docket of the County Court, at the time of the passage of No. 40, Sts. 1878, relating to the apportionment of costs, is not exempt from the operation of that statute under the exception therein of cases pending in County Court.

TRESPASS and trover for a quantity of poplar logs, appealed from the judgment of a justice of the peace, June 29, 1878, and duly entered in County Court at the December Term then next ensuing. The case was referred and the referee reported, so far as material, in effect as follows :

In March, 1877, George W. Woodworth sold and conveyed certain land in Norwich to the plaintiff, reserving certain timber then standing thereon. In the winter of 1878 he employed the defendant to cut and remove a portion of the timber so reserved. The defendant in cutting it cut certain timber that the plaintiff claimed as not having been reserved ; and controversy arose between the plaintiff and Woodworth in regard thereto. In the settlement of that controversy it was agreed that the logs in question, which were cut from timber that was in fact reserved, and which were then lying on the land, should be the plaintiff's ; but the defendant, who acted to some extent for Woodworth in the settlement of the controversy, understood that they were to be Woodworth's, and afterwards drew them off and had them sawed up, and accounted to Woodworth for them. The logs contained one hundred and fifty feet, and were worth seventy-five cents on the land where they were taken, or, at the mill to which the defendant drew them, a dollar and thirteen cents. The referee found for the plaintiff to recover the smaller sum, with interest, amounting in all to eighty cents.

At the May Term, 1879, the Court, BARRETT, J., presiding, rendered judgment on the report for the smaller sum ; to which the plaintiff excepted.

The defendant moved the Court to disallow costs to the plaintiff, under the statute of 1878. The plaintiff contended that the case came not within the statute ; but the Court considered otherwise, and taxed costs in its discretion as justice and equity required, denying to the plaintiff some costs that would otherwise have been taxable for him, but still taxing and allowing a balance in his favor. To that the plaintiff excepted.

*W. N. Van Cor* and *S. M. Pingree*, for the plaintiff.

The judgment should have been for the larger sum. 2 Greenl. Ev. 322 ; *Baker* v. *Wheeler*, 8 Wend. 505.

No. 40, Sts. 1878, does not apply. The judgment of the justice was rendered before the statute was passed. Parties had a right to rely on the law as it then stood. The statute, if here applied, would be retroactive. Gen. Sts. c. 125, s. 18 ; Sts. 1878, No. 40 ; *Society for Propagation of the Gospel* v. *Wheeler*, 2 Gallison, 104, 139. The Legislature did not intend to interfere with vested rights. *Johnson* v. *Dexter*, 37 Vt. 641. The statute of 1878 is an innovation, and should not be so construed as to work injustice. 1 Kent Com. 511 ; *King* v. *Tirrell*, 2 Gray, 331 ; *Foley* v. *Harrison*, 15 How. 433.

*Samuel E. Pingree*, for the defendant.

The assessment of damages on the basis of the value of the logs at the place where they were taken was correct. *Thrall* v. *Lathrop*, 30 Vt. 317 ; Sedgw. Dam. 480.

The case was not pending in County Court until entered there. The statute was passed before the case was entered. Sts. 1878, No. 40.

The opinion of the court was delivered by

ROYCE, J. Upon the facts found by the referee the rule of damages was the value of the logs at the time of their conversion. The action was brought to recover the value of the logs ; it does

not appear that the taking was wilful or malicious; and the suit was not brought to recover for the lumber manufactured from the logs. *Vickery* v. *Taft*, 1 D. Chip. 241; *Buckmaster* v. *Mower*, 21 Vt. 204; *Gates* v. *Lockwood*, 27 Vt. 286; *Thrall* v. *Lathrop*, 30 Vt. 307.

There was no error in apportioning costs under the act of 1878. That act excepted from its operation cases then pending in County Court. A case is not pending in the County Court until it is entered upon the docket of that court. The right to costs is given by the statutes of the State; and the only vested right that a party has to costs is to such costs as accrue during the existence of the law conferring them. The Legislature had the undoubted right to fix and regulate the costs that should be allowed, and the manner in which they should be taxed and allowed in all cases not pending in the County Court at the time of the passage of the act.

*Judgment affirmed.*