McKinnis et al. v. Little Rock, Mississippi River & Texas Railway.

REPLEVIN: *Timber converted into cross-ties.*

The owner of timber taken and converted by a willful trespasser into cross-ties, may recover the ties or their value in an action of replevin, from the trespasser or his vendee with or without notice.

APPEAL from *Jefferson* Circuit Court.

Hon. J. A. WILLIAMS, Circuit Judge.

*W. E. Hemingway* for appellants.

Plaintiff was entitled to a judgment in the alternative for the ties, if to be had; if not, their value. *Gantt's Digest, secs. 4682, 4718.*

The owner of land may recover timber cut and taken therefrom, when worked into rails, *cross-ties*, etc., by a trespasser, whether it be found in his possession or that of his vendee. *2 Rawle, 423; 8 Wendell, 505; 24 Am. Dec., 66–7–8, 71 and 75; 4 Dill. C. C., 464; 21 Minn., 491; 49 Miss., 236; 16 Otto, 432.*

*J. M. Moore* for appellee.

1. The evidence showed that the ties had been laid in the road-bed, and could not be delivered, and the court properly rendered a judgment for value.

2. Appellant was innocent purchaser and not liable for

the enhanced value. *50 Wis., 167; 74 N. C., 36; 49 Miss., 236; 22 Mich., 311; 41 Penn. St., 291.*

COCKRILL, C. J. The appellants replevied of the railway a number of cross-ties made from timber cut on school lands belonging to their school district. The ties were cut by contractors, who sold and delivered them to the company for use in constructing the road. The contractors appear to have been acting without claim of right and were willful trespassers in cutting and removing the ties. The company did not know this when they purchased them.

The suit was brought about the time of the purchase, and the ties were retained by the company on giving bond. The court, sitting as a jury, found for the plaintiffs, but refused their request to assess the value of the property at its enhanced value as cross-ties, and took the timber on the school land as the basis of estimation. The difference between these values is considerable, and the trustees appealed.

While there is much confusion in the authorities as to what change will destroy the identity of personal property so as to preclude the owner of the original material from retaking the property in replevin, it is conceded that the conversion of timber into cross-ties is not such a change.' There is a marked discrimination, too, in the authorities, against one who, in working the change, is a willful wrong-doer. The rule is not without exception, but it is established by the weight of authority that a willful trespasser upon the land of another who converts timber into cross-ties, posts or rails, is not permitted to acquire a right to, cr interest in, the material he has devoted his labor upon. The owner of the timber may take it in its improved state, or recover its improved value. If such a

wrong-doer sells the property to an honest purchaser having no notice of the manner in which it was acquired, the purchaser gets no title because the trespasser had none to give.

The recent case of *Wooden-ware Co. v. U. S*, *106 U. S. Rep.*, *432*, was an action in the nature of trover brought against the purchaser of logs under much the same circumstances we have here.  Mr. Justice. MILLER, for the court, says: "The timber at all stages of the conversion was the property of plaintiff. Its purchase by the defendants did not divert the title nor the right of possession. The recovery of any sum whatever is based upon that proposition. This right at the moment preceding the purchase by the defendant was perfect, with no right in any one to set up any claim for work and labor bestowed upon it by the wrong-doer. It is also plain that by purchase from the wrong-doer, defendant did not acquire any better right to the property than his vendor had. It is not a case where an innocent purchaser can defend himself under that plea. If it were he would be liable to no damage at all, and no recovery could be had. On the contrary, it is a case to which the doctrine of *caveat emptor* applies, and hence the right of recovery in plaintiff."

It is sufficient to refer only to some other of the leading cases supporting the conclusions above set forth.  *Wetherbee v. Green*, *22 Mich.*, *311*; *Bly v. U. S.*, *4 Dill.*, *464*; *Nesbitt v. St. Paul Lumber Co.*, *21 Minn.*, *491*; *Heard v. James*, *49 Miss.*, *236*; *Potter v. Mardre*, *74 N. C.*, *36*.  See, too, *1 Sutherland Dam.* (ed. 1882), *164*, *et seq.*, and cases cited.

Upon the finding of the court there should have been a judgment in the alternative for the possession of the property, if it could be had, or its value at the institution of the suit, and the judgment must be reversed and the case remanded for a new trial.