GASKINS *v.* DAVIS.

PATSY ANN GASKINS v. HENRY C. DAVIS.

*Pleading—Counter-claim—Action of Trespass—Wrongful Cutting and Carrying Away Timber—Measure of Damages—Recaption.*

1. A counter-claim defectively stated may (if it can be maintained at all) be cured by a reply which contains the allegations omitted therefrom.

2. In an action for trespass in an entry upon land after being forbidden, and cutting, carrying away and converting timber growing thereon, the injured party is entitled to recover the value of the timber when it was first severed from the land and became a chattel, together with adequate damage for any injury done to the land in removing it therefrom.

3. So long as timber so taken is not changed into a different species, as by sawing it into planks or boards, the owner of the land retains the right of property therein as fully as when by severance it became a chattel instead of a part of the realty, and may regain possession of it by recaption or other legal remedy, notwithstanding additional value may have been imparted to it by transportation to a better market, or by any improvement in its condition short of an actual alteration of species.

4. One who, in the honest belief that he is on his own land, cuts logs from the land of another cannot, when they are recaptured by the lawful owner, set up a claim for their increase in value by reason of his having transported them to a better market, nor can he, in an action by the lawful owner for damages for cutting other logs, recoup by way of counter-claim for the additional value imparted by him to the logs so recaptured.

CIVIL ACTION, tried before *Bynum, J.,* at Fall Term, 1893, of CRAVEN Superior Court.

The plaintiff sought to recover damages for the entry upon his land by the defendant, after being forbidden, and the cutting and carrying away a large amount of valuable timber therefrom.

The defendant answered—

" 1. That at the time he entered upon the lands described in the complaint in the first article thereof, he honestly and *bona fide* believed that he was the owner of that portion thereof from which the timber was taken as hereinafter stated and explained, and did not ascertain the contrary until after a survey of the disputed trees and boundaries.

" 2. That the third article thereof is not true. But he says that before the said survey, he honestly and *bona fide* thinking and believing that he was the owner of the said lands, entered thereon and cut and removed therefrom two several lots of logs, one lot thereof being of the value of about $102, and the other lot being of the value of about $118, cut and delivered at the city of Newbern, and worth standing upon the land, about one-fourth of the said sum. That ever since he discovered (by the survey aforesaid) that the said lands

GASKINS v. DAVIS.

belonged to the plaintiff, he had been ready and willing to settle with her by paying her the usual rental value of the said timber, to-wit, one-fourth of the value of said timber after cut and transported to market.

" 3. For a further defence, he says that after the second lot of logs referred to in the last paragraph had been cut and shipped to Newbern in good marketable condition at the expense of the defendant, the plaintiff caused the same to be seized and sold, and converted the same, worth about $118, to her own use, to the damage of the defendant in the sum of about $91, and that in addition to said damage the defendant was endamaged by the said seizure in the sum of $25."

Wherefore, the defendant demands judgment—

" 1. For $111. ·

" 2. That he recover his costs, and for such other and further relief, etc."

There was no evidence as to any damage to plaintiff, except from cutting down and carrying off timber from her land. There was some conflict in the testimony as to the amount of timber so cut and taken, but the defendant admitted the amount to be at least 45,000 feet.   There was some conflict in the testimony as to the value of the timber standing on the land, but defendant admitted that it was worth $1 per thousand feet.   It was admitted that 24,000 feet of the timber cut by the defendant had been seized by the plaintiff in the city of Newbern and sold by the plaintiff for the sum of $112, and said amount received by the plaintiff.   His Honor charged the jury that the measure of plaintiff's damage was the value of the timber cut by the defendant when standing upon the land, and such damage as might have been done to the land by defendant going upon and removing said timber after it had been cut; that after ascertaining the amount of plaintiff's damage, the jury should deduct from said amount the amount received by plaintiff from the sale of the logs seized

and sold by her. That if the amount received by the plaintiff from the sale of said logs exceeded the damages which the jury found the plaintiff had sustained under the instructions given upon that point, the jury should answer the issue " Nothing." Plaintiff excepted to the charge as given.

There was a verdict for the defendant, and from the judgment thereon the plaintiff appealed.

*Mr. W. W. Clark,* for plaintiff (appellant).
*Messrs. F. M. Simmons* and *P. M. Pearsall,* for defendant.

AVERY, J.: The plaintiff's complaint is in the nature of a declaration for trespass in the entry by the defendant upon her land after being forbidden, and cutting, carrying away and converting to his own use valuable timber that was growing thereon, to her damage $500. The logs after being severed were transported to Newbern in two lots, one of which lots were seized by plaintiff after reaching that city, where it was much more valuable than at the stump, and was sold by her for the sum of $112. The other lot was converted into boards and sold by the defendant. The defendant, for a second defence, sets up by way of counter-claim, the seizure of the logs by the plaintiff, and though the counter-claim may be a defective statement of the defendant's cause of action, in that it fails to aver an unlawful taking, the defect is cured, if the counter-claim can be maintained at all, by the reply, which, by way of aider, raises the question of the rightfulness of the seizure.

The well established rule is that in such cases the injured party is entitled to recover of the trespasser the value of the timber where it was first severed from the land, and became a chattel (*Bennett* v. *Thompson,* 13 Ired., 146), together with adequate damage for any injury done to the land in removing it therefrom. As long as the timber taken was not

changed into a different species, as by sawing into boards, the owner of the land retained her right of property in the specific logs as fully as when by severance it became her chattel instead of a part of the realty belonging to her.  *Potter* v. *Madre,* 74 N. C., 36.  The value of the material taken indicates the extent of the loss, where there are no circumstances of aggravation or wilfulness shown, and is the usual measure of damages.  Where the trespasser has converted the property taken into a different species, under the rule of the civil law which we have adopted, the article in its altered state cannot be recovered, but only damages for the wrongful taking and conversion, when the change in its form is " made by one who is acting in good faith and under an honest belief that the title was in him."

In *Potter* v. *Madre, supra,* RODMAN, J., delivering the opinion of the Court, says: " The principle of equity (applied in that case) is supported by the analogy of the rule established in this State by the decisions which hold that a vendee of land by a parol contract of sale, who takes possession and makes improvements, and is afterwards ejected by the vendor, may recover the value of his improvements.  *Albea* v. *Griffin,* 2 Dev. & Bat. Eq., 9.  So if one who has purchased land from another, not having title, enters and improves, believing his title good, and is ejected by the rightful owner, he is entitled to compensation.  In both cases one who is morally innocent has confused his property with that of another, and he is held entitled to separate it in the only way it can be done, viz., by being allowed the value of his improvements in the raw material."  The Judge laid down correctly the rule as to the damage that the plaintiff was entitled to recover of the defendant for the original trespass the value of the logs when severed at the stump, and adequate damage for injury done to the land in removing them. *Potter* v. *Madre, supra;* 5 Am. & Eng. Enc., page 36; *Ross* v.

*Scott*, 15 Lea (Tenn.), 479.   The character of the logs had not
been changed by cutting and transporting to Newbern, but
the value had probably been greatly enhanced.  The approved
rule, where the plaintiff is asking damage for trespass, seems
to be that the owner is entitled to recover the value of the
logs when and where they were severed and without abate-
ment for the cost of severance.   *Coal Co.* v. *McMillan*, 49
Md., 549.  But if he prefers to follow and claim the timber
removed, he is entitled to do so as long as the species remains
unchanged.  The plaintiff was entitled to recover in a claim
and delivery proceeding the logs that she seems to have
acquired peaceful possession of without action.  Was the
defendant entitled by way of recoupment to the benefit of
the enhanced value imparted to the property by transport-
ing it to market?   Had they been sawed up in planks and
used to construct a boat, the plaintiff would not have been
entitled to recover the boat or the material used in its con-
struction.   But if the plaintiff had then unlawfully seized
and lost or destroyed the boat, and the defendant had been
thereby driven to an action to recover compensation for his
loss, he might have recovered the value of the boat, together
with the damage, if any done, to his land in removing it
therefrom, but the present plaintiff would have been entitled
to deduct, by way of counter-claim, the value of the timber
which was manufactured into the boat just after it was felled
and converted into a chattel."   *Potter* v. *Madre, supra.*   It
seems to have been conceded that the defendant cut and car-
ried away the logs under the honest but mistaken belief
that the land upon which they were growing was his own.
Where a trespasser acts in good faith under a claim of right
in removing timber, though he may not be allowed compen-
sation for the cost of converting the tree into a chattel, may
he not recoup, in analogy to the equitable doctrine of better-
ments, for additional value imparted to the property after its
conversion into a chattel and before it is changed into a dif-

ferent species? The Judge below in allowing the defendant, by way of recoupment, the benefit of the enhanced value imparted to the logs by removal from the stump to the Newbern market, seems to have acted upon the idea that the defendant, by reason of his good faith, was entitled to the benefit of the improvement in value imparted by his labor and expense. In *Ross* v. *Scott, supra,* where it appeared that the defendant had entered upon land to mine for coal, and under the honest but erroneous belief that he was the owner had built houses thereon, it was held that the plaintiff might recover the cost of the coal *in situ,* subject to reduction by an allowance for permanent improvements put upon the land. See, also, *In re United, etc., Co.,* 15 L. R., ch. 46; *Hilton* v. *Ward,* 34 *Ib.,* 432; *Forsyth* v. *Wells,* 41 Pa. St., 291. The weight of authority, it must be conceded, sustains the rule that where the action is brought for damages for logs cut and removed in the honest belief on the part of the trespasser that he had title to them, the measure of damages is the value in the woods from which they were taken, with the amount of injury incident to removal, not at the mill where they were carried to be sawed. *Tilden* v. *Johnson,* 52 Vt., 628 (36 Am. Rep., 769, and note 770); *Hendre* v. *Young,* 55 Pa. St., 176; *Hill* v. *Canfield,* 56 *Ib.,* 434; *Moody* v. *Whitney,* 38 Me., 174; *Cushing* v. *Longfellow,* 26 Me., 306; *Galler* v. *Fett,* 30 Col., 462; *Foote* v. *Merrill,* 54 N. H., 496; *Railway Co.* v. *Hutchings,* 32 Ohio St., 571. In the absence of any evidence that would justify the assessment of vindictive damages, there is only one exception to the rule as we have stated it, and that is where the trees destroyed are not the ordinary timber of the forest, but are peculiarly valuable for ornament or as shade trees.

It being settled in this State that the right to the specific chattel, which vests on severance from the land in the owner of the soil, remains in him till the species is changed, we are constrained to go further, though it may sometimes sub-

ject a mistaken trespasser to hardship, and hold that the true owner is entitled to regain possession of a log cut and removed from his land either by recapture or by any other remedy provided by law, whatever additional value may have been imparted to it by transporting it to a better market, or by any improvements in its condition short of an actual alteration of species. In *Wymouth* v. *Railroad*, 17 Wis., 550, the Court say: "In determining the question of recaption the law must either allow the owner to retake the property, or it must hold that he has lost his right by the wrongful act of another. If retaken at all it must be taken as it is found, though enhanced in value by the trespasser. It cannot be returned to its original condition. The law therefore being obliged to say either that the wrong-doer shall lose his labor or the owner shall lose the right to take the property wherever he may find it, very properly decides in favor of the latter. But where the owner voluntarily waives the right to reclaim the property itself and sues for damages, the difficulty of separating the enhanced value from the original value no longer exists. It is then entirely practicable to give the owner the entire value that was taken from him, which it seems that natural justice requires, without adding to it such value as the property may have afterwards acquired from the labor of the defendant. In the case of recaption the law does not allow it, because it is absolute justice that the original owner should have the additional value. But where the wrong-doer has by his own act created a state of facts, when either he or the owner must lose, then the law says the wrong-doer shall lose." 26 Am. Rep., 529, note. When, therefore, the plaintiff recaptured the one lot of logs that had been enhanced in value by transportation from the stump to the city market, she but exercised the right, given her by law, to peacefully regain possession of her own chattels wherever found. She was guilty of no infringement of the rights of the defendant for which an action would lie.

It is familiar learning that a defendant can only maintain successfully a counter-claim when it is of such a nature that he could recover upon it in a separate suit brought against the plaintiff. The defendant could not recover therefore either in a distinct action for the taking of the logs or by way of counter-claim. When the plaintiff recaptured the logs she was guilty of no wrong, and the question of title to the property so rightfully taken was eliminated from all possible future controversy. Her remedy by act of the law remained as to so many of the logs as she had not regained possession of by her own act. After she had recaptured one lot, the property in them in their altered state and at the new *situs* revested in her with the absolute *jus disponendi*, as in the case of her other personal property. Nothing remained to be adjusted in the Courts except her claim for damages for the taking of the other lot and the injury to the land, if any, incident to the removal of both lots. It was error therefore to instruct the jury that the enhanced value imparted by removal to the one lot of logs might be allowed the defendant as a counter-claim, so as to set off the damages assessed for injury to the land and for the value at the stump of the other lot, and the plaintiff is entitled to a new trial.

New Trial.