*390
 
 Daniel, Judge,
 

 after stating the case, proceeded: The word “ land, legally includeth all castles, houses and other buildings, so as passing the land or ground, the structure or building thereupon passeth therewith.” (1
 
 Thomas’ Coke.
 
 197.) “ If a man grant all his lands, he grants thereby all his mines of metal, and other fossils, his woods, liis waters,- and his houses, as well as his fields and meadows.” (2
 
 Bl. Com.
 
 18.) The word “land,” includes not only the face of the earth, but every thing under it or over it. The stable was fixed to the land, and was in law a part of it. It could not be, nor was it severed by the unsealed writing which
 
 Ransom
 
 gave to
 
 Johnson.
 
 It remained as part of the land, and passed under the deed to
 
 James Ransom,
 
 and again it passed with the land, by the deed to the plaintiff. The written license given by
 
 Ransom,
 
 might have excused a trespass committed in entering and taking the stable, whilst he was the owner of the premises. It did not operate as a conveyance of the stable; for the stable being a part of the realty, could not pass, except by such a conveyance as would pass the land. A license to commit a trespass, is a very different thing from a conveyance which will pass the land, or any of its appurtenances. When
 
 Ransom
 
 sold the land, the stable passed, and the license to enter was revoked, it was not incorporated in the deed to Ransom, and it was therefore, as to his
 
 bargainee,
 
 a nullity.
 

 Per Curiam. — Judgment afeiemed: