MRS. BELLE F. WALL ET AL. v. LUTHER F. HOLLOMAN.

(Filed 18 October, 1911.)

Wrongful Conversion—Severance of Logs—Good Faith—Innocent
Purchaser—Cost of Hauling—Measure of Damages—Claim and
Delivery—Waiver.

In an action for the wrongful conversion of certain sawmill
logs which had been purchased in good faith from the supposed
owner of the land, but who had in fact but a life estate therein,
the measure of damages against an innocent purchaser for value
will not be increased by the fact that the logs had been hauled
at a great expense to a public landing, by water, and there sold;
for in the absence of evidence of any increase in the value of
the logs otherwise, the damages will be the value of the logs at
the place from which they were cut; and while it would have
been otherwise had the action been one of claim and delivery,
the plaintiff, by his action, has waived his right thereto.

ALLEN and WALKER, JJ., dissent.

APPEAL from *Carter, J.,* at Spring Term, 1911, of HERTFORD.
Two actions were brought and by consent are consolidated.

The action is brought to recover for the wrongful conversion
of certain sawmill logs cut from the Gatlin land, by Tully
Gatlin, who transported them to the water at Sumner's Land-
ing and there sold them to the defendant, Luther Holloman,
for $84.07, admitted to be the value of the logs at the water.

It is admitted that the logs measured 12,010 feet and were worth in the woods where cut and converted by Tully Gatlin $2 per thousand feet. Defendant before trial tendered judgment for $24 and costs.

It is admitted that the plaintiffs, except Mrs. Wall, are entitled to recover the value of the logs in the woods or at the landing. His Honor instructed the jury to award the latter sum as the measure of damages. Defendant excepted and appealed.

*Winborne & Winborne for plaintiffs.*
*D. C. Barnes for defendant.*

BROWN, J. It is admitted that the logs were cut in good faith by Tully Gatlin under an agreement with Mrs. Wall, the life tenant of the Gatlin land, and that they were transported some distance and at considerable expense to the landing by Tully Gatlin and sold in good faith to defendant—a *bona fide* purchase without knowledge of any defect in the title. The only question presented relates to the measure of damages for the conversion of the timber.

If plaintiffs were suing Tully Gatlin for damages for a trespass upon the land it is admitted they could recover no more than the value of the timber at the place of severance, where it was converted into a chattel, together with any actual damage done the land in removing it therefrom. *Gaskins v. Davis,* 115 N. C., 85; *Dorsey v. Moore,* 100 N. C., 44; *Bennett v. Thompson,* 35 N. C., 147.

There can be no doubt that had plaintiffs brought an action in the nature of a claim and delivery for those logs at the landing they would have been entitled to recover them as found, and the defendant would not have been entitled to any enhanced value by reason of the cost and expense of transporting them to the landing. This arises from the impracticability of giving the defendant the benefit of his labor.

But where, as in this case, the owners of the logs voluntarily waive the right to reclaim them in specie, the difficulty of separating the enhanced value given to them by the labor of the trespasser in transporting them to the water no longer exists.

"It is then," says the Supreme Court of Wisconsin, "entirely practicable to give the owner the entire value that was taken from him, which seems to be all that natural justice requires, without adding to it such value as the property may have afterwards acquired from the labor of the defendant." *Weymouth v. R. R.,* 17 Wis., 550.

It is admitted that there are two rules for the admeasurement of damages in cases like this prevailing in the courts of this country—one the severe rule, which allows the defendant, however innocent, nothing for enhanced value imparted to the chattel solely by his labor, and the other, the lenient rule, which depends largely upon the intention or *mala fides* of the defendant, and, according to other authorities, upon the form of the action.

In referring to this, the English author Mayne in his work on Damages, p. 488, says: "In America there is as usual a conflict," quoting from both Kent and Story. In reference to the latter, Mayne says: "On the other hand, *Story, J.,* laid it down that the true rule is the value of the property at the market price at the time of the conversion, and this is the doctrine generally prevailing. Mr. Sedgwick takes same view."

In the notes on same page the annotator to Mayne says: "The general rule in this country is that the measure of recovery is the market value of the property at the time of conversion, with interest to the time of the trial," citing a great many cases in support of his text.

The Am. and Eng. Ency., p. 720, vol. 28, says: "The value of the property converted is to be estimated at the place of conversion." After adverting to the conflict of decisions, the editor says: "The better rule, which is now most generally recognized, is that where the original taking is without wrongful purpose or intent, and under the belief that the taker has a right to the property, the owner can recover only the unimproved value of the property; but where the original taking was willful and without color or claim of right, the owner is entitled to recover the value of the property at the time of demand for its return and in its condition at that time, and in such a case it is not material that the wrongdoer has changed its char-

acter or by improvements greatly enhanced its value." Hale on Torts, 406-410, 417; 13 Cyc., 170; *Cushing v. Longfellow,* 26 Me., 310; *Morgan v. Powell,* 43 E. C. L., 734; *Moody v. Whitney,* 38 Me., 174; *Forsyth v. Wells,* 41 Pa. State, 291.

The last two cases were actions of trover and hold that in such action where the property was converted in good faith by mistake the rule of damage should be the same as in trespass. The Pennsylvania case arose out of a conversion by mistake because of the uncertainty of boundaries, and the decision is based upon *Baron Parke's* judgment in *Wood v. Morewood,* 43 Eng. Com. Law, 810.

A very interesting and learned discussion of the subject will be found in *Coal Co. v. Cox,* 39 Md., 1, where the cases are reviewed. Also, see *Mining Co. v. Hertin,* 26 Am. Rep., 521, in the notes to which are collated a large number of cases sustaining our view.

We think the rule as laid down by the Supreme Court of Wisconsin in *Weymouth v. R. R., supra,* is not only the better law and founded in principles of natural justice, but that it has received the distinct indorsement of this Court in *Gaskins v. Davis, supra,* wherein the opinion is quoted from at length.

This rule is founded upon the reasonable and just theory that in the absence of willful wrongdoing compensatory damages are intended as a pecuniary equivalent for the property lost by defendant's wrong, and where property is lost, converted, or destroyed, the owner is compensated when he receives its full value in money.

The place where these logs were converted and taken from plaintiffs was in the woods at the time of severance. The enhanced value at the landing was imparted solely by the cost and expense of transporting them there.

If between the time of severance and the date they were found at the landing the logs had increased in value from other causes, not imparted by the innocent trespasser's labor, plaintiffs would be entitled to recover such increased value; but no such claim is made in this case.

It is not denied that the enhanced value arises entirely from the cost and expense of transportation to the water. Therefore

we are of opinion that the plaintiffs are entitled to recover the value of 12,010 feet at $2 per thousand feet, the admitted value of the logs at the place of severance, with interest from that date.

Reversed.

### MOTION TO DISMISS APPEAL IN ABOVE CASE.

APPELLEE moves to dismiss the appeal for noncompliance with Rule 19 in regard to assignments of error.

We are of opinion that the rule has not been fully complied with. *Jones v. R. R.,* 153 N. C., 419. But inasmuch as the appellant had the errors properly assigned, printed and attached to the record before the case was called, for reasons given by counsel and in the exercise of a sound discretion we will not dismiss the appeal, as is usually done. Section 2 of Rule 19 provides that "All the exceptions relied on, grouped and numbered, shall be set out immediately after the statement of the case on appeal." This assignment of errors must be a part of the transcript of appeal, and embodied in it when sent to this Court and printed, so counsel for appellee can know what exceptions are relied upon and intended to be presented to the Court, and prepare accordingly. It is a rule which when properly complied with greatly facilitates the consideration of appeals.

In this case the appellee has not been taken at any disadvantage, as there was only one exception taken on trial, and that was stated in the record, but not properly stated.

Motion denied.

ALLEN, J., dissenting: Tully Gatlin wrongfully cut timber trees on the lands of the plaintiff, and sold them to the defendant. The trees were worth $24.02 on the land after they were severed, and $84.07 at the time of sale to the defendant. The Court is of opinion that the plaintiffs can recover $24.02, while I think they ought to recover $84.07.

The amount involved is small, but the precedent to be established is important and may affect many transactions. It is for this reason I feel justified in stating the grounds of my dissent.

Four propositions are announced in the opinion of the Court:

(1) That in an action for conversion against the original trespasser, who has cut timber on the land of another, the measure of damage is the value of the trees on the land after they have been severed.

(2) That the owner of the land is not compelled to sue in conversion, but may follow the property and may reclaim the trees wherever he finds them, and although in the hands of a purchaser without notice.

(3) That if the owner elects to take the trees, he is not chargeable with any expense of cutting or transporting the trees, nor with any enhancement in value.

(4) That the usual rule for the admeasurement of damages in actions for conversion is the value of the property at the time of the conversion.

These principles seem to be well established, and are sustained by the authorities in this and other States; but, with great respect, I think they have been misapplied to the facts.

No authority is referred to in the opinion of the Court which deals with the rights of the owner as against the purchaser.

The plaintiffs here are not suing the original trespasser, but the purchaser from him, and there is no suggestion in the record that they had elected to sue for damages prior to the purchase by the defendant, or that they had abandoned their property in the trees.

They are demanding damages of the defendant for his conversion, and if we fix the time of the conversion, they are entitled to recover the value of the property as of that time.

Under the opinion of the Court, the plaintiffs were the owners of and entitled to the possession of the trees at the time the defendant bought them. If so, the defendant bought the trees of the plaintiffs, and, by buying, converted them; and if it be conceded that there can be but one conversion, and the plaintiffs had done no act prior to the purchase by the defendants indicating an election to recover damages, and they had

the right to recover the trees at the time of the purchase, the conversion then took place, and by the defendant.

The person who sold the trees had committed a trespass, but it was with the plaintiffs to elect whether they would follow the trees or treat them as converted; and until they exercised this right, no conversion had, in law, taken place.

In other words, the theory upon which the law is administered in actions like this, as I understand it, is that the trespasser has wrongfully taken away the property of the owner, and that the owner may follow the property and reclaim it, or he may sue the trespasser for damages. If he sues the trespasser for damages and recovers, the title passes to the trespasser and he may do with it as he pleases.

If, however, the owner does not sue the trespasser, but elects to demand the property in specie, he may do so, and can recover it in the hands of an innocent purchaser.

In both cases, that of the trespasser and the purchaser, there is an act of conversion, but the property has not been converted until the owner waives his right to the property itself by demanding its value in damages.

In the present case the owner had the right to demand of the defendant the trees taken from his land. If he had done so, and there had been a refusal to surrender possession, can there be any doubt of the right of the owner to recover their value at the time of the refusal? If it should be held otherwise, and that he could only recover the value at the time of the severance of the trees on the land, the right of the owner of property would be dependent on the act of a wrongdoer, and not on his own consent.

In the estimation of the law, the rule for which I contend can work no hardship, as the purchaser, if required to pay the value of the property, can recover the same amount from his vendor upon the implied warranty of title, which obtains in sales of personal property.

On the contrary, to what results may the rule adopted by the Court lead?

It may enable a wrongdoer to go upon the land of another and cut timber without the consent of the owner, and sell it

for $84, and the purchaser gets a good title upon paying $24. That is the judgment of the Court between the parties to this record.

It may also do a great injustice to the purchaser. Suppose the trespasser cuts timber, worth $100 on the land after it is severed, and it deteriorates in value, and it is taken to market and is sold to a purchaser for its value at that time, $50.

It is an old saying and true, that "It is a poor rule that does not work both ways," and under the rule adopted by the Court the innocent purchaser must pay $100, the value of the trees when severed, for property worth $50.

There is eminent authority for the views I entertain.

In *Woodenware Co. v. United States,* 106 U. S., 432, timber trees were cut on the lands of the Government by a willful trespasser and sold to the Woodenware Company, "which was not chargeable with any intentional wrong or misconduct or bad faith in the purchase." The trees were worth $60.71 on the land after they were severed, and $850 at the time and place they were sold to the Woodenware Company. It was held that the Government was entitled to recover $850, and the Court says: "The timber at all stages of the conversion was the property of the plaintiff. Its purchase by defendant did not divest the title nor the right of possession. The recovery of any sum whatever is based upon that proposition. This right, at the moment preceding the purchase by defendant at Depere, was perfect, with no right in any one to set up a claim for work and labor bestowed on it by the wrongdoer. It is also plain that by purchase from the wrongdoer, defendant did not acquire any better title to the property than his vendor had. It is not a case where an innocent purchaser can defend himself under that plea. If it were, he would be liable to no damages at all, and no recovery could be had. On the contrary, it is a case to which the doctrine of *caveat emptor* applies, and hence the right of recovery in plaintiff."

I would not be candid if I did not say that the Court lays much stress on the fact that the original trespass was willful, and suggests that the rule might be different if it were not for

this fact; but in dealing with one who buys in good faith, I cannot see how the undisclosed motive of his vendor can affect him.

In *Wright v. Skinner,* 60 So. R., 338, the Supreme Court of Florida says: "If the defendants are innocent vendees, without notice, of a willful trespasser, then the measure of damage against them would be the value of the logs at the time and place of their purchase thereof from such willful trespasser."

In *Nesbitt v. L. Co.,* 21 Minn., 491, the trees were cut on the land of the plaintiff without his permission, and sold to the defendant. The trees were worth $2.50 per thousand on the land, and $6 per thousand when sold to the defendant at Anoka. It was held that the plaintiff could recover $6 per thousand, the Court saying: "That plaintiff did not lose his property in the logs by the wrongful removal of them is admitted. He was as much the owner of them at Anoka, where they were converted, as on his land, where they were wrongfully taken from him. This being so, his right to recover the logs themselves, or their value at the time and place of conversion, would seem to follow of course."

The same principle is laid down in *Tuttle v. White,* 46 Mich., 487.

For the reasons presented, and upon authority, I think the judgment should be affirmed.

JUSTICE WALKER concurs in this opinion.