MATTIE JOYCE JONES v. JOHN C. McBEE AND WIFE, MARGARET C. McBEE; HENRY GRINDSTAFF, S. W. BLALOCK AND C. C. ROBINSON.

(Filed 14 October, 1942.)

**1. Pleadings § 28: Minerals and Mines § 2—**

Where tenants in common, under the erroneous impression that they owned the fee, removed $8,605.50 in value of minerals from the property, upon suit by the other tenant in common for damages alleging C. S., 6927, and admission by the defendants of the cotenancy, removal and value, plaintiff is entitled to judgment on the pleadings, though not to damages under C. S., 6927.

**2. Damages § 1a: Minerals and Mines § 2—**

In the absence of a willful or intentional trespass or conversion, the measure of damages is the value of the mineral as it lay in the mine, immediately after severance from the realty, with no deduction for labor in effecting the severance.

APPEAL by defendants from *Clement, J.,* at August Term, 1942, of YANCEY.

Civil action to recover one-third of the value of minerals taken from certain lands in Stokes County, N. C., in which lands, it is admitted, the plaintiff is the owner of a one-third undivided interest, and owned said interest at the time of the removal of the minerals in question.

The defendants, John C. McBee and wife, Margaret C. McBee, and Henry Grindstaff, purchased the lands in question at a tax foreclosure sale and were under the erroneous impression then and at the time of the removal of the minerals from said lands, that they had obtained a fee simple title to the entire property; whereas, in fact, they obtained title to only a two-thirds undivided interest in said lands. The defendants Henry Grindstaff, C. C. Robinson and S. W. Blalock leased the premises for mining purposes and removed the minerals which are the subject of this controversy.

It is alleged by the plaintiff and admitted by the defendants that from 1 May, 1941, to 1 November, 1941, defendants removed and sold from said lands, valuable minerals commonly known as mica, of the value of $8,605.50. Defendants denied the right of plaintiff to recover anything for said minerals, except one-third of the customary royalty on the mica removed.

Upon motion of plaintiff's counsel for judgment on the pleadings, the court held the plaintiff was entitled to recover the sum of $2,868.50, one-third of the value of all mica removed from said lands by the defendants. By consent of plaintiff, judgment was entered for only $1,630.78, less

the sum of $80.00 for taxes paid by defendants on plaintiff's one-third interest in said lands.

From the foregoing judgment, defendants appeal and assign error.

*Frank P. Burton and Dallas C. Kirby for plaintiff.*
*Charles Hutchins for defendants.*

DENNY, J.   Defendants except to the refusal of the court to submit the case to the jury and to the judgment as signed, which presents the question: Was plaintiff entitled to judgment on the pleadings?

Defendants contend in their brief that because the plaintiff alleged she was entitled to recover under the provisions of C. S. of N. C., 6927, the defendants had failed to plead in reduction of the damages claimed, the expenses incident to the removal and sale of the mica, which expenses represented a large part of the gross receipts from the sale of said mica. The defendants having failed to plead the expenses incident to the removal and sale of the mica in question, or to move to amend in that respect, are now too late for their contention to prevail.   Besides, in their answer they expressly challenged the right of plaintiff to recover under the provisions of the above statute, admitted all the other material allegations of the complaint, including the value of the mica removed from the lands, and elected to take the untenable position that plaintiff was entitled to recover only one-third of the customary royalties on the mica removed.

We agree with the defendants and his Honor that plaintiff is not entitled to recover under the provisions of C. S. of N. C., 6927, but we do think she is entitled to judgment on the pleadings.

The further argument presented in defendants' brief, that the defendant lessors in no event can be held to account for more than one-third of the royalties they have received, is not convincing.   This Court in an early decision laid down the rule which we think governs the rights of tenants in common in cases of this character.   In *Anders v. Meredith,* 20 N. C., 339, the Court said: "The possession of one tenant in common is the possession of the other; each has a right to enter upon the land and enjoy it jointly with the others.   If one tenant in common destroys houses, trees, or does any act amounting to waste or destruction in woods or other such property, the other tenant may have an action on the case against him.   But he never can, in any event, have an action of trespass *quare clausum fregit* against his co-tenant.   Co. Lit., 200; 1 Thomas Co. Lit., 785; 1 Chitty's Gen'l Prac., 271.   The other defendants were not trespassers, as they entered and acted by the direction of Meredith."

Where the owner, as in this case, waives the right to recover the mineral and elects to sue for damages, the measure of damages is the value of the mineral at the mine after its separation from the realty.

This rule of damages for the conversion of minerals is aptly stated in 18 R. C. L., Mines, sec. 154, p. 1259: "Where neither the trespass nor the conversion is wilful or intentional, the measure of damages is the value of the mineral as it lay in the mine immediately after its severance from the realty, with no deduction for the value of the defendant's labor in effecting the severance. The measure of damages for the conversion of ore by a purchaser from a trespasser has been held to be the value of the ore sold, together with a sum equal to legal interest thereon from the time of conversion, less the reasonable and proper cost of raising it from the mine after it was broken, and hauling from the mine to the purchaser's place of business."

This Court has held that where an action is brought to recover for damages for logs cut and removed by one in the honest belief on the part of the trespasser that he had title to them, the measure of damages is the value of the logs in the woods from which they were taken, together with the amount of injury incident to removal. However, notwithstanding the good faith of the party removing the logs, he may not be allowed compensation for converting the trees into personal property. *Wall v. Holloman,* 156 N. C., 275, 72 S. E., 369; *Gaskins v. Davis,* 115 N. C., 85, 20 S. E., 188.

On the admission in the pleadings that the minerals sold were of the value of $8,605.50, and there being no plea in abatement of damages for expenses incurred in removing the minerals from the mine after severance and other costs incident to transporting and selling said minerals, the plaintiff was entitled to judgment for one-third of the above value. However, it appears in the record that the plaintiff consented to a reduction of the foregoing amount, and it is stated in plaintiff's brief filed in this Court that the reduction was allowed to cover defendants' expenses incident to the mining of said minerals. Therefore the reduction was apparently more liberal than required under the authorities herein cited.

The exceptions and assignments of error, as set out in this record, cannot be sustained.

The judgment of the court below is

Affirmed.