WAVON ATKINSON v. J. FELTON WILKERSON

No. 7111SC116

(Filed 31 March 1971)

1. **Rules of Civil Procedure § 56— partial summary judgment**

   The granting of plaintiff's motion for partial summary judgment was appropriate where it appeared from the items in support of the motion that the plaintiff was entitled to judgment as a matter of law. G.S. 1A-1, Rule 56.

2. **Mines and Minerals § 1; Contracts § 27— contract to remove sand and minerals from land — action to declare contract null and void**

   The trial court properly set aside, upon the motion of plaintiff landowner, a contract conveying to defendant the right to remove dirt, gravel, and minerals from the land described therein, where (1) the defendant gave no consideration for the contract; (2) the contract was silent as to time of performance; and (3) the defendant

regarded the contract as nothing more than a mining lease and royalty agreement and did not consider himself bound to regularly remove sand and minerals from the land.

**3. Contracts § 16— time of performance — silence of contract**

The silence of a contract as to the time of its performance will not by itself render the contract unenforceable.

**4. Contracts § 17— duration of contract**

Where the duration of a contract is not specified, it will continue for a reasonable time, taking into account the purposes of the parties, and is terminable at will by either party upon reasonable notice.

**5. Seals— action in equity — effect of sealed instrument**

In an action seeking equitable relief, the presence of a seal on the instrument in question does not prevent the court from looking behind the seal for the consideration.

APPEAL by defendant from *Bailey, Superior Court Judge,* September 1970 Session of JOHNSTON County General Court of Justice, Superior Court Division.

Plaintiff instituted this action against the defendant seeking a declaration that a purported contract giving the defendant the right to enter upon plaintiff's land and remove sand, dirt and gravel therefrom is null and void and that it should be stricken from the Johnston County Registry. Plaintiff also sought damages for the sand, dirt and gravel removed from his land.

Defendant's answer denied the material allegations of the plaintiff's complaint and contended that the agreement for the removal of the sand, dirt and gravel from the plaintiff's land was valid in all respects.

Plaintiff moved for partial summary judgment on the issue of the validity of the contract, and in support of the motion submitted the contract and answers of the defendant to interrogatories served upon the defendant by the plaintiff. The trial judge granted the motion for partial summary judgment, finding as a fact that no past consideration existed nor was any present consideration given by the defendant to the plaintiff at the time of execution, that the instrument is vague and indefinite as to time of performance, and that the instrument is vague and indefinite as to the area involved. He then concluded as a matter of law that the instrument was null and void and ordered it stricken from the Johnston County Registry.

From the granting of plaintiff's motion for partial summary judgment, the defendant appeals to this Court.

*Britt and Ashley by Wallace Ashley, Jr., for defendant appellant.*

*L. Austin Stevens for plaintiff appellee.*

CAMPBELL, Judge.

[1] Defendant's sole assignment of error is directed against the granting of plaintiff's motion for partial summary judgment. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." North Carolina Rules of Civil Procedure, G.S. 1A-1, Rule 56. Therefore, it must appear from the items submitted in support of plaintiff's motion for partial summary judgment that the plaintiff was entitled to judgment as a matter of law.

[2] The contract, which is the basis of this action, reads as follows:

"NORTH CAROLINA

JOHNSTON COUNTY

THIS deed, contract and agreement, made and entered into this the 29th day of September, 1966, by and between Wavon Atkinson and wife, Arletha M. Atkinson of Johnston County, North Carolina, parties of the first part, and J. Felton Wilkerson, of Person County, North Carolina, party of the second part;

WITNESSETH:

THAT parties of the first part have bargained and sold, and by these presents do bargain, sell and convey unto the party of the second part, his heirs and assigns, the right to mine, dig and remove all or any part of the soil, ore, gravel, sand, dirt or mineral situate on their land and property located in Selma Township, Johnston County, North Carolina, and adjoining the land of E. G. Hobbs and others, and fully described as follows:

BEING farm lot #6 in the subdivision of the Frances Green, Inc. farmlands in Selma Township, Johnston County, surveyed and platted by C. B. Fulghum, Surveyor, a plat of which is recorded in plat book 4, page 209, Registry of Johnston County.

SAVE AND EXCEPT one-half (½) acre tract deeded to W. Leon Williams, dated February 16, 1962, said deed being recorded in Book 600, page 527, and also less and except a one acre tract deeded to Oscar L. Newsome and wife, deed dated October 12, 1961, said deed being of record in Book 598, page 155, Registry of Johnston County, North Carolina.

But this conveyance is made subject to and together with the following provisions:

The party of the second part shall have the right of ingress and egress over any part of said tract of land for the purpose of digging and removing from said property any part or amount of the soil, gravel, sand, dirt, ore or mineral as he, the said party of the second part, may desire or wish to remove;

It is expressly understood and agreed between the parties that the parties of the first part shall not have any supervision or control over the party of the second part, his servants or employees, but that the party of the second part shall pay to the parties of the first part one-half, or 50% of the sale price of the soil, gravel, sand, dirt or mineral, said sale price to be figured for said materials as they are found on the land and in the pit and before they are moved from the site;

It is agreed between the parties that the party of the second part shall clear up an equal amount of land on another part of the said described land for any cropland taken up by new pits or for extending the present pit;

It is agreed between the parties that the party of the second part shall have the exclusive management for selling gravel, sand and top soil from the pits and the exclusive right to make new pits or extend the present pit boundaries;

It is expressly understood and agreed between the parties hereto that the parties of the first part do not have

any supervision or control of the party of the second part, his servants, or employees over the removal of said soil, ore, gravel, sand, dirt or mineral, and is only interested in the result of the party of the second part, and his employees and in being paid for said material in accordance with the terms of this agreement;

The party of the second part agrees that he will not commit any unnecessary waste in digging and removing said soil, ore, gravel, sand, dirt or materials, and will truly and faithfully perform all the conditions and terms of this contract according to the best of his ability and judgment;

TO HAVE AND TO HOLD said soil, ore, gravel, sand, dirt, or mineral, to him, the party of the second part and his heirs and assigns forever.

And the said parties of the first part covenant that they are seized of all things herein granted in fee and have the right to convey the same in fee simple, and that the same are free and clear of all encumbrances and that they will warrant and defend the title herein granted against the lawful claims of all persons whomsoever.

IN TESTIMONY WHEREOF, said parties of the first part have hereunto set their hands and seals, the day and year first above written.

/s/  X  Wavon Atkinson       (SEAL)

/s/  X  Arletha Atkinson      (SEAL)"

The instrument, on its face, appears to be a deed for the sand, dirt, gravel and mineral rights to the land described. But it is clear, from the complaint and the answers to the interrogatories served upon the defendant, that both parties considered the agreement to be nothing more than a mining lease and royalty agreement.

Defendant, in his answers to the interrogatories, states that he considers the instrument a mining lease and royalty agreement; that he paid no cash consideration to the plaintiff at the time of the execution of the instrument; and that at the time the instrument was signed he did not consider himself to be obligated to regularly mine and remove sand, gravel and other minerals from the land.

[3, 4]   The instrument is silent as to time of performance, but this by itself will not render it unenforceable. Where the duration of a contract is not specified, it will continue for a reasonable time, taking into account the purposes of the parties, and is terminable at will by either party upon reasonable notice. *Hardee's v. Hicks,* 5 N.C. App. 595, 169 S.E. 2d 70 (1969); *Fulghum v. Selma,* 238 N.C. 100, 76 S.E. 2d 368 (1953).

[2, 5]   But it also appears that no consideration was given for the contract. Defendant stated in the answers to interrogatories that he did not consider himself bound to regularly mine and remove the sand, gravel, and other minerals from the land. Further, he stated that he was the one who determined the price that the plaintiff was to receive for the minerals that were removed from the plaintiff's land. "Where there is no consideration for a contract, except the mutual promises of the parties, such promises must be *binding* on both parties. In such agreements, only a *binding promise* is sufficient consideration for a promise of the other party." (Emphasis added.) *Smith v. Barnes,* 236 N.C. 176, 72 S.E. 2d 216 (1952). This being an action seeking equitable relief the presence of a seal on the instrument does not prevent the court looking behind the seal for the consideration. *Cruthis v. Steele,* 259 N.C. 701, 131 S.E. 2d 344 (1963).

We hold that the evidence adduced through the pleadings and the answers to the interrogatories adequately support the findings of fact of Judge Bailey and that those findings of fact support the judgment entered.

Affirmed.

Judges BRITT and HEDRICK concur.